UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | |
|---|---|
| JULIE COLLINS,                )  |  |
|                                          )  |  |
|           **Plaintiff**           )  |  |
|                                          )  |  |
| v.                                    )  | Civil No. 06-76-P-C |
|                                          )  |  |
| METROPOLITAN LIFE     )  |  |
| INSURANCE COMPANY, et al., ) |  |
|                                          )  |  |
|           **Defendants**       )  |  |

**MEMORANDUM DECISION AND ORDER
ON DEFENDANTS' OBJECTION TO SCHEDULING ORDER**

In this action brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to recover benefits allegedly wrongfully denied, defendants Metropolitan Life Insurance Company ("MetLife") and Sanmina-SCI USA, Inc. object to the court's Scheduling Order, *see* Docket No. 16, seeking to limit discovery by plaintiff Julie Collins to the content of the administrative record. *See* Defendants' Objection to Scheduling Order and Proposed Alternative "Discovery Plan," etc. ("Objection") (Docket No. 17). The plaintiff does not dispute, based on the information currently available to her, that her ERISA claim is subject to the "arbitrary and capricious" standard of review. *See* Plaintiff's Response to Defendant[s'] Objection to Scheduling Order ("Response") (Docket No. 19) at 1. However, she takes issue with the defendants' objection on the basis that, even in the context of this more deferential standard of review, she is entitled to discovery of several different categories of extra-record materials. *See generally id.*

The defendants' objection is sustained in part and overruled in part, as follows:

1.      The plaintiff will be permitted to discover (i) all information, procedures and guidelines MetLife used to evaluate her claim, as well as (ii) "statements of policy or guidance with respect to the plan concerning the denied . . . benefit for the claimant's diagnosis [in this case, diagnoses], without regard to whether such advice or statement was relied upon in making the benefit determination." *Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d 113, 123 (1st Cir. 2004) (citation and internal punctuation omitted); *see also Cannon v. Unum Life Ins. Co. of Am.*, 219 F.R.D. 211, 214 (D. Me. 2004) (ordering production of internal memoranda, policies or guidelines informing the meaning or application of mental-illness limitation on which defendant relied to cease claimant's disability benefits).[1]

2.      The plaintiff will be permitted to discover any procedures MetLife has in place "to comply with its fiduciary obligation to ensure that [plan provisions relevant to denial of the plaintiff's claim are] applied consistently with respect to similarly situated claimants." *Cannon*, 219 F.R.D. at 216 (internal citation marks omitted).

3.      Discovery otherwise will be limited to the content of the administrative record, the plaintiff having failed to make a sufficient showing to warrant her further requested discovery of (i) "administrative precedents in claims for disability benefits based on a diagnosis of degenerative dis[c] disease and fibromyalgia" or (ii) information "to assess the reviewers' independence and objectivity and determine whether MetLife improperly influences medical reviewers to deny claims." Response at 4, 8.

With respect to "administrative precedents," I am unwilling to accept, at face value, that cases involving other claimants with degenerative disc disease and fibromyalgia would be sufficiently similar to that of the plaintiff to justify the burdensome discovery sought. Instead, I think it far more

---

[1] With respect to the latter category of information, I use wording from *Glista* rather than the plaintiff's vaguely worded request to
(*continued on next page*)

likely that "comparison of the files of others who received or were denied benefits [would] invite[] an open-ended and probably hopeless attempt to compare disparate situations – whether impressionistically or by drawing up formulas purporting to explain the outcomes." *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 26 (1st Cir. 2003) (footnote omitted). While this court did permit administrative-precedent discovery in *Cannon*, it was limited to "administrative precedents pertaining, specifically, to whether drug-induced dementia is an 'other condition not listed' to which Unum will not apply the mental illness limitation[.]" *Cannon*, 219 F.R.D. at 216. The plaintiff in this case identifies no particular plan language that might even arguably be illuminated by examination of administrative precedents.

With respect to the requested discovery to examine possible improper bias or motive, the First Circuit upheld a district court's rebuff of a similar bid by an ERISA plaintiff in circumstances in which "[t]here was no serious claim of bias or procedural misconduct" toward the plaintiff. *Orndorf v. Paul Revere Life Ins. Co*., 404 F.3d 510, 520 (1st Cir. 2005). The First Circuit cautioned: "As we said in *Liston*, 'at least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator.' This is true as to discovery as well, regardless of whether the standard of review is de novo or deferential." *Id*. (citation omitted).

In this case, the plaintiff points to (i) caselaw in which courts have found bias, improper motive or arbitrary and capricious claim denial on the part of disability insurers, including MetLife, and their "hired gun" medical reviewers, (ii) purported flaws in the manner in which the MetLife's medical reviewer assessed her claim, and (iii) her counsel's past experience conducting discovery as lead counsel for the Consumer Health Law Program in non-ERISA cases involving HMOs (health maintenance organizations), in which he uncovered considerable evidence that HMOs rig the medical-

---

discover information, procedures and guidelines MetLife used to evaluate "claims similar to hers."  Response at 3.

review process in their favor. *See* Response at 5-8 & n.3. However, the plaintiff candidly admits that the alleged flaws in medical review of her claim could be attributable to laziness or incompetence as well as bias or improper motive. *See id*. at 7-8. She relies, in the main, on the argument that if she is not permitted to conduct the requested discovery, she will never have the opportunity to learn whether, in fact, MetLife conducted the "fair review" of her claim required by ERISA. *See id*. at 5-6.

The plaintiff's "Catch-22" argument is not without force; however, the First Circuit has intimated that, at least in the context of an ERISA claim subject to review for arbitrariness, such an argument does not in itself constitute the requisite "very good reason" to overcome the strong presumption in favor of limiting review to the record before the administrator. *See Liston*, 330 F.3d at 26 (noting that mandating the discovery of administrative precedents sought by the plaintiff "would be at odds with the concerns about efficient administration that underlie the ERISA statute itself. True, Liston is handicapped by having to show that the outcome of discovery would be helpful before she can get access to materials that might show just this; but this is the standard situation in discovery and the reason why those in charge are expected to exercise judgment.") (citations omitted).

For these reasons, the defendants' objection to the Scheduling Order (seeking to limit discovery to the contents of the administrative record) is:

1.  Overruled insofar as the plaintiff seeks discovery of the following: (i) all information, procedures and guidelines MetLife used to evaluate her claim, (ii) any MetLife statements of policy or guidance with respect to the plan concerning the denied benefit for the plaintiff's diagnoses, without regard to whether such advice or statement was relied upon in making her benefit determination, and (iii) any procedures MetLife has in place to comply with its fiduciary obligations to ensure that disability provisions relevant to denial of the plaintiff's claim are applied consistently with respect to similarly situated claimants, and

2. Otherwise sustained.

Counsel are invited to consider whether, in light of the foregoing, the discovery and dispositive motion deadlines should be accelerated. The parties may jointly or separately file a motion, or motions, seeking such an adjustment.[2]

So ordered.

Dated this 14th day of July, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[2] The defendants also assert that the Scheduling Order should be modified to reflect that in an ERISA action such as this no trial is warranted, or at least not a jury trial. *See* Objection at 1 & n.1. I agree that trial by jury is not available in this case. *See, e.g., Capozza Tile Co. v. Joy*, 223 F. Supp.2d 307, 323 (D. Me. 2002) ("This court has held in the past that jury trial is unavailable on the claims of plaintiffs who allege that they are beneficiaries of ERISA plans and seek payment of benefits."). However, because I have permitted some limited extra-record discovery and the deadline for joinder of parties and amendment of pleadings has not yet run, I am unprepared to rule at this stage that there is unequivocally no need for a trial or to excise references to a trial from the Scheduling Order.